IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Julia Shawnette Gorman, ) | |
| ) | C.A. No. 4:22-1036-HMH-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| ) | |
| Warden Patricia Yedell, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rodgers, III made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Julia Shawnette Gorman ("Gorman") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation filed on December 13, 2022, Magistrate Judge Rogers recommends granting the Respondent's motion for summary judgment and dismissing Gorman's petition.  (R&R, generally, ECF No. 58.)

Mark Marvin ("Marvin"), who describes himself as Gorman's "next friend, jailhouse lawyer," submitted objections to the R&R.  (Objs., ECF Nos. 60, 63.)  Marvin apparently prepared the typed objections on Gorman's behalf and signed the document, listing a New York

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

address. Moreover, the documents are not signed by Gorman even though her typed name appears in the signature block of each document. In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel. See 28 U.S.C. § 1654. However, the right to proceed pro se in civil cases is a personal right. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987). "Because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause." Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir.1998); see also Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir.1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."). Marvin may not submit filings on Gorman's behalf. Further, Gorman failed to file timely objections to the Report and Recommendation.[2] (Objs., ECF No. 47.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

    Upon review, even if the court were to consider Marvin's objections, those objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate Gorman's claims. Further, in the absence of objections to the magistrate judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. See Camby, 718 F.2d at 199. The court must

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

"only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 58, is granted and Gorman's § 2254 petition, docket number 1, is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Gorman has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 10, 2023

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.