IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Julia Shawnette Gorman, | ) | |
| | ) | C.A. No. 4:22-1036-HMH-TER |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Patricia Yedell, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Julia Shawnette Gorman ("Gorman") is a South Carolina state prisoner currently serving a 35-year sentence for homicide by child abuse and unlawful conduct toward a child. In March 2022, Gorman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging (1) errors and misconduct by the trial court and prosecution, (2) ineffective assistance of trial counsel, and (3) ineffective assistance of PCR counsel. (§ 2254 Pet. 13, 17, 20, ECF No. 1.)

On December 13, 2022, Magistrate Judge Thomas E. Rogers, III issued a report and recommendation recommending that the court grant Respondent's motion for summary judgment and dismiss Gorman's petition without an evidentiary hearing. (R&R 23, ECF No. 58.)

In response to the magistrate judge's report and recommendation, the court received two documents from an individual named Mark Marvin ("Marvin"), who describes himself as Gorman's "next friend, jailhouse lawyer." (Objs., ECF Nos. 60, 63.) Gorman did not sign either document, which were both mailed from an address in Walden, New York.

On January 10, 2023, the court ruled on the report and recommendation. In its order, the court specifically admonished that "Marvin may not submit filings on Gorman's behalf" since "the right to proceed pro se in civil cases is a personal right." (Order 2, ECF No. 64.) The court

1

further found that Gorman had not specifically objected to the magistrate judge's findings or conclusions. (<u>Id.</u> at 2, ECF No. 64.) The court therefore reviewed the report and recommendation for clear error and, finding none, granted Respondent's motion for summary judgment and dismissed Gorman's § 2254 petition. (<u>Id.</u> at 3, ECF No. 64.)

On February 17, 2023, a "motion to vacate" the court's January 10 order was docketed. Despite the court's earlier admonishment, the first page of the motion states that Gorman received the "court['s] order of dismissal" and "forwarded [it] to Mark Marvin for response." (Rule 60(b) Mot. 1, ECF No. 67) (capitalization removed). The motion also claims that Marvin "persistently submits filings on behalf of defendant inmates who have time limits they cannot meet." (<u>Id.</u>, ECF No. 67.) As to the substance of the January 10 order, the motion simply argues that "the government provided testimony so false as to constitute [a] criminal violation," citing 18 U.S.C. § 1001. (<u>Id.</u>, ECF No. 67.)

The court construed Gorman's motion to vacate as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and denied the motion in a text order dated February 21, 2023. (Text Order, ECF No. 68.) The same day, the clerk's office docketed Gorman's Rule 60(b) motion as a notice of appeal challenging the court's January 10 order.[1] (Not. Appeal, ECF No. 70.) Sixteen months later, on June 25, 2024, the United States Court of Appeals for the Fourth Circuit vacated the court's February 21 text order. <u>Gorman v. Yedell</u>, No. 23-6160, 2024 WL 3159296 (4th Cir. June 25, 2024) (per curiam) (unpublished). The Fourth Circuit construed Gorman's Rule 60(b) motion as a "mixed Rule 60(b) motion/§ 2254 petition" because Gorman both "sought a remedy for a perceived flaw in her § 2254 proceeding and raised direct attacks on

---

[1] The Rule 60(b) motion contains a statement that Gorman was "renew[ing] [her] <u>NOTICE OF APPEAL</u>." (Rule 60(b) Mot. 1, ECF No. 67.)

her conviction."[2]  Id. at *1.  Accordingly, the Fourth Circuit remanded the case back to this court

to "afford Gorman the opportunity to elect between deleting her successive § 2254 claims or

having her entire motion treated as a successive § 2254 petition."  Id.

     In accordance with the Fourth Circuit's instructions, Gorman is **DIRECTED** to notify the

court within twenty-one days of this order whether she wishes to delete her successive § 2254

claims from her Rule 60(b) motion, or whether she wishes to have the entire Rule 60(b) motion

treated as a successive § 2254 petition.  Failure to respond to this order within twenty-one days

will result in dismissal of this action under Federal Rule of Civil Procedure 41(b).  See Lutfi v.

Training, Etc, Inc., 787 F. App'x 190, 191 (4th Cir. Dec. 13, 2019) (unpublished) ("Where a

litigant has ignored an express warning that noncompliance with a court order will result in

dismissal, the district court should dismiss the case." (citing Ballard v. Carlson, 882 F.2d 93, 95-

96 (4th Cir. 1989)).

     Further, the court again admonishes Gorman that she must sign and file her own response

or retain an attorney licensed to practice in this district to respond on her behalf.  **The court will**

**strike any filings signed or submitted by Marvin**.  Although "next friends" may, in certain

cases, "appear in court on behalf of detained prisoners who are unable . . . to seek [habeas] relief

themselves," Marvin has made no showing (1) why Gorman – the real party in interest – "cannot

appear on [her] own behalf to prosecute the action," or (2) that he is "truly dedicated to [her] best

---

[2] "[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition" subject to 28 U.S.C. § 2244(b)(3)(A)'s preauthorization requirement.  United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)).  On the other hand, "[a] Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement."  Id. (quoting Gonzalez, 545 U.S. at 532).

3

interests." <u>Whitemore v. Arkansas</u>, 495 U.S. 149, 162-63 (1990); <u>see also</u> Advisory Comm. Note to 2004 Amend. to Rule 2, Rules Governing Section 2254 Cases.

Under these circumstances, allowing Mavin to file submissions on Gorman's behalf would violate the longstanding rule barring non-attorneys from representing others in court. <u>See, e.g.</u>, <u>Raskin v. Dall. Indep. Sch. Dist.</u>, 69 F.4th 280, 283 (5th Cir. 2023); <u>Collinsgru v. Palmyra Bd. of Educ.</u>, 161 F.3d 225, 232 (3d Cir. 1998), <u>abrogated on other grounds by</u> <u>Winkelman ex rel. Winkelman v. Parma City Sch. Dist.</u>, 550 U.S. 516 (2007); <u>Iannaccone v. Law</u>, 142 F.3d 553, 558 (2d Cir. 1998); <u>see also</u> <u>Myers v. Loudon Cty. Pub. Sch.</u>, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*." (emphasis in original)).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 24, 2024

4